# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CR-00-155-G |
| BLAKE HANKINS STOVER, | ) | |
| Defendant. | ) | |

## ORDER

In 2001, Defendant was convicted after a jury trial of various drug trafficking crimes, including as relevant here the crime of using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). For this crime—referred to as Count Two in the Judgment—Defendant was sentenced to 60 months in prison. In 2002, the sentence imposed by this Court was affirmed by the Court of Appeals for the Tenth Circuit. *See United States v. Stover*, 57 F. App'x 351, 352 (10th Cir. 2002).

In 2004, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255 alleging ineffective assistance of appellate counsel (Doc. No. 345). The Court denied the motion (Doc. No. 377), and the Tenth Circuit Court of Appeals denied Defendant's request for a certificate of appealability. *See United States v. Stover*, 292 F. App'x 755, 757 (10th Cir. 2008). In 2011, the Tenth Circuit Court of Appeals denied Defendant's request for leave to file a second or successive motion under 28 U.S.C. § 2255 (Doc. No. 424). *See* 28 U.S.C. § 2255(h).

On May 20, 2019, Defendant filed the present Motion (Doc. No. 497), in which he asks this Court for leave to file a second or successive motion under 28 U.S.C. § 2255, asserting "that he has obtained newly discovered evidence that proves his actual innocence as to Count Two." Def.'s Mot. (Doc. No. 497), at 1.

According to his Motion, Defendant's Count Two conviction was predicated on testimony from Gary Cooksey that Defendant gave Cooksey two eightballs of methamphetamine in exchange for a $95 profit earned from a gun sale. Specifically, Cooksey testified that Defendant redeemed a rifle owned by Cooksey from a local pawn shop for $455 and subsequently sold it to Pence for $550. Defendant retained the $95 profit and, in exchange, supplied Cooksey with methamphetamine. As relevant to the present Motion, Cooksey testified that "Pence gave Stover a check in the amount of $550 for the rifle." *Id.* at 2.

Defendant's "newly discovered evidence" consists of Pence's bank account records, which allegedly show "no check written to [Defendant] for any amount of money, much less one for $550 for a gun as alleged by Cooksey." *Id.* at 4. Defendant argues that this evidence "proves his actual innocence as to Count Two" and should have been "subpoenaed to ascertain whether a check was written to Stover for the rifle at issue." *Id.* at 1, 4. Relatedly, Defendant complains that "Mr. Pence was never questioned by anyone prior to [his] trial." *Id.* at 4. He contends that "[t]he failure . . . to question Mr. Pence and investigate exonerating evidence on [Defendant's] behalf completely derailed the mission to protect [Defendant] of being convicted of a crime which he should have never been convicted of." *Id.*

2

A federal prisoner seeking to file a second or successive motion under § 2255 must first obtain an order from a panel of "the appropriate court of appeals . . . authorizing the district court to consider the application." 28 U.S.C. §§ 2244(b)(3)(A)-(B), 2255(h); *see also In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).[1] This requirement "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Because this Court "is not authorized to grant leave to file a successive § 2255 petition," Defendant's Motion is misdirected. *United States v. Verdin-Garcia*, No. 05-20017-01-JWL, 2016 WL 11585362, at *1 (D. Kan. June 28, 2016).

The resulting question is whether to dismiss Defendant's Motion for lack of jurisdiction or transfer it to the Tenth Circuit for authorization pursuant to 28 U.S.C. § 1631. Section 1631 provides that, where jurisdiction is lacking, a federal court "shall, if it is in the interest of justice" transfer the action to a court where the action "could have been brought." 28 U.S.C. § 1631. The statute, as interpreted by the Tenth Circuit, "'grant[s] the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice.'" *In re Cline*, 531 F.3d at 1251 (quoting *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006)). To assist it in making that determination, the

---

[1] "Section 2255(h) requires a federal prisoner seeking authorization to demonstrate that his proposed claims either depend on 'newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense,' § 2255(h)(1), or rely upon 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,' § 2255(h)(2)." *In re Cline*, 531 F.3d at 1250.

3

Court ORDERS Plaintiff United States to respond to Defendant's Motion (Doc. No. 497) within 21 days of this Order.

IT IS SO ORDERED this 30th day of May, 2019.

*[signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge