UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-00-155-G |
| ) | |
| BLAKE HANKINS STOVER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is a pro se Motion for Reconsideration (Doc. No. 503), filed by Defendant Blake Hankins Stover. Having considered Defendant's arguments and the relevant records, the Motion is DENIED.

*I.   Background*

Following a jury trial, Defendant was convicted in 2001 in this Court of numerous drug-related crimes. In 2004, Defendant moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based upon ineffective assistance of his appellate counsel (Doc. No. 345). The Court denied Defendant's § 2255 motion. *See United States v. Stover*, Nos. CR-00-155-M, CIV-04-646-M, 2007 WL 2363289, at *6 (W.D. Okla. Aug. 16, 2007). On appeal of that ruling, the United States Court of Appeals for the Tenth Circuit denied Defendant's request for a certificate of appealability and dismissed the matter. *See United States v. Stover*, 292 F. App'x 755, 757 (10th Cir. 2008).

In 2011, Defendant sought authorization from the Tenth Circuit for leave to file a second or successive § 2255 motion to assert his actual innocence as to his conviction on

Count 2 (knowing use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)).  The Tenth Circuit found that Defendant had failed to show an entitlement to authorization under 28 U.S.C. § 2255(h) and denied his request. *See In re Stover*, No. 11-6148 (10th Cir. June 14, 2011) (order) (Doc. No. 424).

In 2013, Defendant filed a Motion for Relief Under Federal Rule of Civil Procedure 60(b), seeking reconsideration of the Court's 2007 determination of his initial § 2255 motion.  *See* Doc. No. 453.  The Court denied this Motion for Relief, and the Tenth Circuit denied a certificate of appealability.  *See* Doc. Nos. 460, 479.

In 2016, the Court granted Defendant's unopposed motion to reduce his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2).  Defendant's previous sentence was reduced to a sentence of 720 months—i.e., "Count 1: 360 mos. concurrent; Counts 3, 4, 10 & 12: 240 mos. concurrent; Counts 8 & 11: 360 mos. concurrent; Count 13: 120 mos. concurrent; Count 2: 60 mos. consecutive; Count 7: 300 mos. consec[utive]."  Order of Sept. 7, 2016 (Doc. No. 492) at 1.

In 2019, Defendant sought leave from the Court to file a second or successive § 2255 motion on the basis of his actual innocence as to Count 2, *see* Doc. No. 497.  The Court dismissed the motion for lack of jurisdiction, explaining that such leave must be obtained from "the appropriate court of appeals."  Order of Aug. 29, 2019 (Doc. No. 501) at 3-4 (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)).  The Court resolved to dismiss the motion—rather than transfer it to the Tenth Circuit pursuant to 28 U.S.C. § 1631—based on its determination that transfer would not serve the interest of justice.  *See id.* at 4-7; 28 U.S.C. § 1631 (prescribing that where jurisdiction is lacking a court "shall, if it is in the

interest of justice, transfer" a civil action to a court "in which the action . . . could have been brought"); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.").

Specifically, the Court found: (1) Defendant's claim for relief under § 2255 was time barred; (2) Defendant's claim for relief under § 2255 was not likely to have merit; and (3) Defendant's motion for leave was not filed in good faith. *See* Order of Aug. 29, 2019, at 4-7.

II.   *Defendant's Motion for Reconsideration*

Defendant now moves the Court to reconsider its dismissal, contending that the Court should have transferred his motion for leave to file a second or successive § 2255 motion to the Tenth Circuit and that this error was occasioned by the Court's misapplication of the interest-of-justice factors.

Liberally construed, Defendant seeks to allow reconsideration pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. This Rule provides that, "[o]n motion and just terms," a court may relieve a party "from a final judgment, order, or proceeding" for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *see also id.* R. 81(a)(4)(A). Relief under Rule 60(b)(6) is "difficult to attain," *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (internal quotation marks omitted), and is appropriate only "when circumstances are so unusual or compelling that extraordinary

3

relief is warranted, or when it offends justice to deny such relief," *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (internal quotation marks omitted).

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

### A. Timeliness

Federal statute prescribes a one-year limitation period for federal prisoners seeking to challenge their sentence under 28 U.S.C. § 2255. This one-year limit runs from the latest of:

1) the date on which the judgment of conviction becomes final;

2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In its Order, the Court held that Defendant's one-year limitations period under § 2255(f)(1) had expired on or about June 2, 2004—one year after the Supreme Court denied certiorari on Defendant's direct appeal. *See* Order of Aug. 29, 2019, at 5 (citing *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012)). The Court further concluded that Defendant could not rely upon the application of § 2255(f)(4), rather than § 2255(f)(1), to save his claim because his representation that he discovered new, exculpatory evidence "recently" and "by miracle" was insufficient to establish timeliness under that statutory provision. *See id.* at 5-6.

Defendant now submits: (1) that in making its timeliness determination, the Court "failed to take into consideration that [he] is a pro se litigant . . . not trained in the matters of law"; and (2) that he failed to receive a copy of the Government's response to his request to file a second or successive § 2255 motion and that such receipt would have prompted him to file a reply brief supplying the date on which he discovered the new evidence. Def.'s Mot. Recons. at 2-3 (asserting that he obtained the relevant bank records on July 3, 2018).

To establish timeliness under 28 U.S.C. § 2255(f)(4), a prisoner must both identify the date on which he discovered the new evidence and explain "why he could not have obtained [it] . . . at an earlier date through diligent efforts." *United States v. Starr*, 275 F. App'x 788, 789 n.2 (10th Cir. 2008). Defendant's pro se status does not relieve him of this burden, as "no special legal training" is needed to satisfy it. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Relatedly, the liberal construction afforded to Defendant's pro se arguments "stops . . . at the point at which [the Court] begin[s] to serve as his advocate." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

5

The Court is likewise unpersuaded by Defendant's argument that he was prevented from supplying the missing information due to a lack of a reply brief.  Reply briefs serve the limited purpose of addressing "new matter raised in the response," LCvR 7.1(i), and are not a vehicle for raising new arguments or developing arguments that were inadequately raised in an opening brief.  *See Galloway v. Howard*, 624 F. Supp. 2d 1305, 1316 n.32 (W.D. Okla. 2008) (explaining that the Court "need not address" allegations "raised for the first time in a reply brief"); *see also* LCrR 12.1, 47.1.  Defendant did not request, and therefore was not denied, an opportunity to provide additional information to the Court.

At any rate, Defendant does not plausibly explain how, even if given the opportunity to file a reply brief, he would have shown "the exercise of due diligence" to justify his failure to discover the alleged new evidence at an earlier date, which is necessary to establish timeliness under § 2255(f)(4).  28 U.S.C. § 2255(f)(4); *see Starr*, 275 F. App'x at 789 n.2; *see also United States v. Hernandez-Espolina*, Nos. CR-06-0203, 15-CV-0470, 2016 WL 70025, at *3 (N.D. Okla. Jan. 6, 2016) ("[D]efendant must show that he exercised due diligence in attempting to gather new evidence and that he filed his § 2255 motion within one year of the date from which the facts could be discovered.  A defendant's statute of limitations under § 2255(f)(4) begins to run on the date that new evidence could reasonably be discovered, even if the defendant did not actually discover the evidence until a later date." (citation omitted)).

For these reasons, the Court is not persuaded that reconsideration of its timeliness determination is warranted.

### B. Likelihood of Merit

The Court determined that Defendant's § 2255 claim was not likely to have merit because the newly discovered evidence was insufficiently compelling to alter the outcome of his trial. *See* Order of Aug. 29, 2019, at 6-7; *see also In re Cline*, 531 F.3d at 1252 ("Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the appellate] court for authorization.").

Defendant accuses the Court of engaging in "blatant speculation" about the probative value of the newly discovered evidence. Def.'s Mot. Recons. at 3. However, what Defendant labels as "speculation" in fact reflects the discharge of the Court's statutory obligation to evaluate the evidence through the lens of a "reasonable factfinder" and determine whether it would have resulted in an acquittal "if proven and viewed in light of the evidence as a whole." 28 U.S.C. § 2255(h). Defendant offers no reasoned basis for the Court to reconsider its determination that the newly discovered evidence was minimally probative of innocence and thus incapable of tipping the scales of justice in his favor. *See* Order of Aug. 29, 2019, at 6-7.

### III. Lack of Good Faith

The Court concluded that Defendant did not act in good faith when he moved in the incorrect court for leave to file a second or successive § 2255 motion, reasoning that Defendant previously requested such leave from the Tenth Circuit and therefore was or should have been aware that the appellate court is the appropriate forum for such a motion. *See* Order of Aug. 29, 2019, at 7-8.

Defendant again contends that the Court disregarded his pro se status and speculated as to what he did or did not know. Def.'s Mot. Recons. at 4. Contrary to Defendant's suggestion, however, the Court is not obligated to repeatedly explain to him the statutory requirements of § 2255 or muster proof that he knowingly or intentionally disregarded those requirements. It is enough, for purposes of the good-faith determination, that Defendant "either realized or should have realized that the forum in which he . . . filed was improper." *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006) (internal quotation marks omitted); *cf. In re Cline*, 531 F.3d at 1253 (noting that the petitioner was "attempt[ing] to evade the authorization requirements by filing nominal Rule 60(b) motions"). As noted above, Defendant previously sought and was denied authorization from the Tenth Circuit to file a second or successive § 2255 motion. *See In re Stover*, No. 11-6148 (10th Cir. June 14, 2011) (order). Defendant does not advance any reasoned argument for reconsideration of the Court's conclusion that, as a relatively seasoned litigant in the filing of motions under § 2255, he knew or should have known that his request must be made to the Tenth Circuit.

CONCLUSION

For the above-stated reasons, the Court is not persuaded that reconsideration is warranted in this matter. Defendant's Motion for Reconsideration (Doc. No. 503) therefore is DENIED.

Pursuant to 28 U.S.C. § 2253(c)(1)(B), a certificate of appealability ("COA") must issue for an appeal to be taken from a final order in a proceeding under 28 U.S.C. § 2255. A COA may issue only upon "a substantial showing of the denial of a constitutional right."

*See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court finds that the requisite standard is not met in this case. A certificate of appealability is DENIED.

Defendant's Motion to Appoint Counsel (Doc. No. 504) is DENIED AS MOOT.

IT IS SO ORDERED this 21st day of August, 2023.

CHARLES B. GOODWIN
United States District Judge